# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DWAYNE STAATS,                          :
                                        :
            Plaintiff,                  :
                                        :
      v.                                : Civ. No. 19-2003-LPS
                                        :
COMMISSIONER PERRY PHELPS, et al.,      :
                                        :
            Defendants.                 :

---

Dwayne Staats, SCI Phoenix, Collegeville, Pennsylvania.  Pro Se Plaintiff.

Anna Elizabeth Currier, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants Commissioner Perry Phelps, Deputy Warden Parker, and Deputy Warden James Scarborough.

Arthur D. Kuhl, Esquire, and Matthew Robert Hindley, Esquire, Reger Rizzo & Darnell LLP, Wilmington, Delaware.  Counsel for Defendant Major Jeffery Carrothers.

## MEMORANDUM OPINION

.        .

August 2, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Dwayne Staats ("Plaintiff"), a former inmate at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware who is now housed at SCI Phoenix in Collegeville, Pennsylvania, filed this action on January 17, 2019, pursuant to 42 U.S.C. § 1983.[1] (*See* D.I. 1, 2, 3) He appears *pro se* and has paid the filing fee. Before the Court is a motion to dismiss filed by Defendants Perry Phelps ("Phelps"), Phillip Parker ("Parker"), and James Scarborough ("Scarborough") (collectively "Moving Defendants") as well as Plaintiff's request for counsel. (D.I. 28, 30)

## II. BACKGROUND

Plaintiff was one of several inmates who filed a consolidated Complaint in *Staats v. Phelps*, Civ. No. 19-101-LPS. The Complaint, docketed in the instant action at Docket Item 3, alleges civil rights violations pursuant to 42 U.S.C. § 1983, and specifically claims excessive force was used in connection with the February 2017 JTVCC uprising and denial of medical care in violation of Plaintiff's Eight Amendment rights. (D.I. 3) Upon screening, the Court dismissed the Complaint as frivolous and for failure to state claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1) and severed the case into five individual cases, one of which was opened on behalf of Plaintiff. (*See* D.I. 1, 2) Plaintiff was given leave to file an Amended Complaint, limited to Count I (alleged assault by CERT Team during the February 2017 uprising) and Count II (denial of medical care). (*Id.*)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff filed an Amended Complaint on September 16, 2019 that names the Moving Defendants – Phelps, Parker, and Scarborough – as well as Defendants Major Jeffery Carrothers ("Carrothers"), and Officers John A. Doe, John B. Doe, and John C. Doe, with all Defendants sued in their official and individual capacities.  (D.I.4)  The Amended Complaint alleges civil rights violations pursuant to 42 U.S.C. § 1983 in violation of the Eighth and Fourteenth Amendments, assault and battery, and negligence, in two counts: mass assault and denial of medical care.  (*Id.* at 2, 6, 7, 7)

**Mass Assault**.  The Amended Complaint alleges that Plaintiff was ordered to his cell, ordered to lie down, and – with his hands zip-tied behind his back – he was kicked, kneed, and punched by the Doe Defendants, who also intentionally rammed Plaintiff into a pile of locker boxes while extracting Plaintiff from his cell.  (D.I. 4 at 6-7)  Plaintiff, while not properly clothed, was led outside to the yard and made to lay face down for over two hours in freezing temperatures.  (*Id.* at 7) Plaintiff alleges that Phelps, Scarborough, and Parke were standing in the yard while inmates were coming out of the building, bloody and injured, and failed to intervene to prevent the misuse of force by the Doe Defendants and failed to take any other steps to prevent constitutional violations. (*Id.* at 7, 9)  The Amended Complaint also alleges that the lack of oversight, supervision, leadership, and trust amongst Phelps, Parker, Scarborough, and Carrothers perpetuated unsafe prison conditions at JTVCC in violation of the Eighth and Fourteenth Amendments.

**Denial of Medical Care**.  This claim is brought against the Doe Defendants.  The Amended Complaint alleges that Doe Defendants took Plaintiff to the infirmary and there Plaintiff received treatment from a nurse while he slipped in and out of consciousness.  (*Id.* at 7, 8)  He recalls Doe Defendants telling the nurse "her time was up" and then they abruptly removed him from the infirmary.  (*Id.* at 8)

Moving Defendants seek dismissal on the grounds that: (1) Plaintiff failed to plead facts sufficient to support a failure to intervene claim for alleged mass assault; (2) Plaintiff failed to establish personal involvement of DOC Defendants regarding denial of medical care under § 1983; and (3) the claims against DOC Defendants are barred by sovereign immunity. (D.I. 29) Moving Defendants also seek dismissal of the "Statement of Claims" which they contend are conclusory, vague, and extend beyond the limited scope for which the Court granted Plaintiff leave to amend. (*Id.*)

Plaintiff opposes. His opposition contains new facts. He may not amend his Amended Complaint through his opposition brief, and new facts may not be considered by the Court in connection with the motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

## III.   LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of*

*Shelby*, 574 U.S. 10 (2014).  A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 10.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'"  *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim.  *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV.   DISCUSSION

### A.   Sovereign Immunity

Plaintiff names Moving Defendants in their official capacities.  The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought.  *See Seminole Tribe of Fla. v.*

*Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, 42 U.S.C. § 1983 claims for monetary damages against a state official in his official capacity are barred by the Eleventh Amendment. *See id.*

The State of Delaware has neither consented to Plaintiff's suit nor waived its immunity. Therefore, the Court will grant the motion to dismiss the claims raised against Moving Defendants in their official capacities.

### B.    Mass Assault/Failure to Intervene

Moving Defendants seek to dismiss the mass assault/failure to intervene claim on the grounds that the Amended Complaint does not plead that DOC Defendants had any knowledge of the alleged assault. Plaintiff's opposition contains facts not contained in the Amended Complaint and those facts are not considered.

A corrections officer's failure to intervene in a beating can be the basis of liability under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so. *See Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). The Amended Complaint alleges that Moving Defendants failed to intervene in a beating Plaintiff allegedly received at the hands of the Doe Defendants. The Amended Complaint, however, does not allege that Moving Defendants were present during the alleged beating. Rather, it alleges that Moving Defendants were standing in the yard while inmates were coming out of the building, bloody and injured. The Amended Complaint

fails to state a failure to intervene claim, and the motion to dismiss this claim will be granted. Plaintiff will be given leave to amend the claim.

### C.    Medical Care/Personal Involvement

Moving Defendants seek dismissal of the denial of medical care claim on the grounds that they lack the requisite personal involvement necessary to impose liability. Plaintiff opposes on the grounds that DOC Defendants denied him medical care and DOC Defendants' supervisory positions "perpetrated unsafe prison conditions." (D.I. 39 at 2-3)

Liability in a 42 U.S.C. § 1983 action is personal in nature; to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). Hence, respondeat superior cannot form the basis of liability. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *see also Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008) (instructing that constitutional deprivation cannot be premised merely on fact that defendant was prison supervisor when incidents set forth in complaint occurred). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"There are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (internal quotation marks omitted).

6

With regard to the medical claim, the Amended Complaint does not contain allegations of personal involvement by Moving Defendants.  Nor do the Amended Complaint's conclusory allegations suffice to show supervisory liability by any Moving Defendant.  Therefore, the Court will grant the denial of medical care claim.  Plaintiff will be given leave to amend the claim.

  **D.**  **Statement of Claims**

To the extent Plaintiff raised claims beyond the scope of the grant of leave to amend, the Court will grant Moving Defendants' motion to dismiss.  Plaintiff may not raise additional claims, but may amend the two claims through the addition of new facts.  *See e.g., Campbell v. United States*, 375 F. App'x 254, 260 (3d Cir. 2010).

**V.**  **REQUEST FOR COUNSEL**

Plaintiff moves for counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, he has limited law library access, the case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross-examine witnesses.  (D.I. 30)

Plaintiff proceeds *pro se* and has paid the filing fee.  Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel.  Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*.  Plaintiff has never sought *in forma pauperis* status.  He paid the filing fee and the court docket does indicate that he qualifies for counsel under § 1915.  Therefore, the request will be denied.  (D.I. 30)

## VI.      CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 28);

(2) deny Plaintiff's request for counsel (D.I. 30); and (3) give Plaintiff leave to amend.

An appropriate Order will be entered.